UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:22 CR 88 SNLJ (ACL) |
| JALEEL GIPSON, | ) ) ) |
| Defendant. | ) |

**ORDER OF DETENTION PENDING TRIAL**

**Part I – Eligibility for Detention**

Upon the Motion of the Government attorney pursuant to 18 U.S.C. § 3141, et seq., the Court held a detention hearing on July 7, 2022. The detention hearing was held before the Pretrial Services Report (Doc. 26 entered on July 11, 2022) was filed. At the time of the detention hearing the Defendant was represented by Assistant Federal Public Defender Leslie Hazel. On July 11, 2022, private counsel entered his appearance, that being Jason Hine.

In consideration of the evidence and information presented, the undersigned finds that detention is warranted. The Defendant has been charged with possessing methamphetamine and marijuana with the intent to distribute, possession of a firearm while an unlawful user of controlled substances, and possession of a firearm in furtherance of a drug trafficking offense.

This Order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i).

**Part II – Findings of Fact and Law as to Presumption Under § 3142(e)**

There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community because there is probable cause to believe that the Defendant committed: 1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904) and 2) a felony involving possession or use of a firearm, destructive device, or other dangerous weapon. The Defendant has not rebutted the presumption.

The Court finds that detention is warranted based on the presumption for detention, the insufficient information presented by the Defendant to overcome the presumption, and the other factors discussed below.

### Part III – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the Defendant must be detained pending trial because the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.  The Government has also proven by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required.

In concluding that the Defendant must be detained, the Court has considered the following:

1) The Defendant is 30 years old.  He has lived in southeast Missouri most of his life. Prior to his arrest, the Defendant reported he had been living with his grandmother. When questioned, his parents were uncertain where he had been living.  After being informed the Defendant said he'd been living with his grandmother, however, they reported a belief that, if released, he would be able to live with his grandmother.

2) The Defendant has never been married.  He has a seven-year-old son who lives with his parents.  The Defendant did not want to make any comments about the child's mother.

3) The Defendant graduated from high school in 2010.  He acquired a Business Administration Certificate from Mingo Job Corp in 2012.  While he attended Three Rivers Community College, he did not graduate.  He is reportedly self-employed as a musician and dog breeder.  The Pretrial Services Office could not confirm the existence of the Defendant's reported businesses through the office of the Missouri Secretary of State.  The Defendant has limited assets and did not specify his monthly expenses other than stating they were $1,000 per month.

4) The Defendant is in good physical health.

5) The Defendant does not have a history of suffering from a mental health condition.

6) As for substance abuse, the Defendant indicated he uses alcohol on a social basis.  He has used marijuana since he was 14 years old (since 2005) and secured a medical marijuana card on June 24, 2022.  Records checks by the Pretrial Services Office revealed the Defendant did not have a medical marijuana card prior to June 24, 2022.

    The Defendant participated in substance abuse treatment in the past following State convictions, however, he did not provide specific details concerning the treatment.

7) The Defendant's criminal history began in 2013 when he was charged with felony possession of a controlled substance. On May 27, 2014, he was convicted and sentenced to five years of probation. Although he completed probation on April 23, 2017, he incurred violations for new criminal conduct that occurred on January 8, 2016 (related to the possession of marijuana), failing to abide location monitoring schedule, failing to complete the Pathways to Change program, and failing to pay intervention fees and court costs. Although a motion was entered to revoke his probation based on the violations, the motion was denied.

    The new criminal conduct case cited above—possession of marijuana and drug paraphernalia (misdemeanors) —resulted in dismissal of the marijuana possession charge and a two-year term of probation for the drug paraphernalia charge. Prior to resolution of the case, the Defendant failed to appear on December 16, 2016. A warrant was issued on February 11, 2017.

    The Defendant operated a motor vehicle without a license on January 31, 2020. He failed to appear on June 18, 2020. That resulted in the issuance of an arrest warrant that was served on June 23, 2020. On July 27, 2020, the Defendant was fined on an amended charge.

    In addition to the instant Indictment for drug trafficking and a 924(c) charge, the Defendant has charges pending in Sulphur Spring, Texas for money laundering and theft of a firearm for conduct that occurred on May 22, 2022. Following a traffic stop on that day, the Defendant was found in possession of a stolen firearm and $66,012. Two days later, the Defendant was released on a $20,000 bond for the money laundering charge and a $10,000 bond on the stolen firearm charge.

8) The instant Indictment is the result of additional alleged criminal conduct that occurred a few short weeks after the Defendant's release on bond in the State of Texas. On June 11, 2022, *the Defendant was the passenger* in a vehicle driven by his younger brother. Following a traffic stop for speeding, officers conducted a search due to the strong odor of marijuana emanating from the vehicle. Before the search was conducted, the Defendant gave the officer who conducted the traffic stop a "Rackwoods" cigar packed with approximately four grams of marijuana. The Defendant indicated it belonged to him and that he had a medical marijuana card. A records check revealed the Defendant did not secure a medical marijuana card until almost two weeks later. The Defendant was wearing a t-shirt that read, "I don't need life I'm high on drugs."

A search of the vehicle resulted in the seizure of approximately **233 grams of methamphetamine and 126 grams of marijuana**.  There was also **a nine-millimeter handgun loaded with ten rounds of ammunition** and **an additional magazine for that gun in the console loaded with fourteen rounds of ammunition**, a **second nine-millimeter handgun loaded with eight rounds of ammunition and one round of ammunition in the chamber**, plus an **additional five rounds of ammunition** in packaging near the more than 200 grams of methamphetamine and more than 100 grams of marijuana.  Finally, a **set of brass knuckles** were found in the center console.

The Defendant and his brother were arrested.  Consequently, they were secured in the patrol car for transport to jail.  A video-camera in the interior of the patrol car captured a conversation between the brothers.  The brother stated, "My fault Bro.  I f[---]ed up.  I didn't know I was speeding.  It's on me."  In response, the Defendant stated, "I'm going to prison for sure now, bro."  He added, **"if they give me bond then I'll be okay.  I'll be gone…"** and **"I'll go to Texas."**

9) The Defendant is subject to a lengthy period of incarceration if convicted in that the applicable sentencing range for the drug trafficking charge includes up to forty years of imprisonment, the user in possession charge includes up to ten years of imprisonment, and the 924(c) charge requires a consecutive mandatory five-year term of imprisonment.  The Defendant has also failed to appear for much more minor offenses in the State Court.  It further appears that the Defendant did not discontinue criminal activity or his use of marijuana following his release on State bond for felony charges in the State of Texas.  The serious penalties that apply in this case may provide the Defendant with an incentive to flee.   Significantly, the Defendant said he will flee if he is released.

## Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

/s/ *Abbie Crites-Leoni*
United States Magistrate Judge

Dated: July 26, 2022